IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| BROOKS FIVEASH and )<br>BOBBIE FIVEASH, )<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ALLSTATE INSURANCE COMPANY, )<br>Defendant. ) | CIVIL ACTION<br><br>FILE NO. |

## RENEWED COMPLAINT

COME NOW, **Brooks Fiveash and Bobbie Fiveash**, Plaintiffs herein, through counsel, and file this Complaint against **Allstate Insurance Company**, and show this Court as follows:

### RENEWAL ACTION

1. This is a renewal action of Civil Action File No. 3:10-CV-0072-TCB, originally filed in the Superior Court of Haralson County, Georgia on May 7, 2010, subsequently removed to this Court on June 6, 2010 and dismissed without prejudice on September 11, 2012.

2. This renewal action is filed within 6 months of the dismissal of the prior action.

3. The prior action was not a void suit, so that it may be renewed under statute, it is based upon substantially the same cause of action, and it is not a renewal

1

of a previous action that was dismissed on its merits so that dismissal would act as a bar to the re-bringing of the petition.

4. All costs of the prior action have been paid. O.C.G.A. §9-11-41(d).

5. All conditions precedent to filing a renewal action pursuant to O.C.G.A. § 9-2-61 have been met.

## THE PARTIES

6. Plaintiff is the owner of the real property and improvements which is the subject of this lawsuit located at 35 North Kelly Street, Tallapoosa, Haralson County, Georgia ("the property").

7. Defendant Allstate Insurance Company ("Allstate") is a foreign corporation that is licensed and doing business within the State of Georgia at all times material hereto. Allstate is subject to the jurisdiction of this Court and venue is proper. Allstate may be served with this Complaint through its registered agent for service of process in the State of Georgia, Dale W. Morris, CT Corporation, located at 1201 Peachtree Street, NE, Atlanta, Fulton County, Georgia 30361.

## FACTUAL BACKGROUND

8. Allstate issued a Deluxe Homeowners Policy of insurance to Plaintiffs, policy number 910248676 11/20 ("the policy"), with a renewal of the policy which was effective from November 20, 2008 to November 20, 2009.

9. Allstate issued the policy to Plaintiffs and timely received full payment of the premium charged for that policy.

10. On or about May 14, 2009, Plaintiffs reported fire damage to their property and dwelling to Allstate ("the claim").

11. Plaintiffs promptly and timely reported the claim to Allstate pursuant to the terms of the policy.

12. Plaintiffs have cooperated in all respects with Allstate's investigation of the claim.

13. Plaintiffs have provided Allstate with all documents they have requested as part of their investigation, and if Plaintiffs could not locate such documents, Plaintiffs provided release forms to Allstate so that Allstate could obtain such documents.

14. Plaintiffs have not violated any terms of the policy in connection with Allstate's investigation of this claim.

15. Plaintiffs have provided Allstate with sufficient proof of loss of the value of the claim.

16. Plaintiffs' itemized personal property losses total $155,172.11.

17. Plaintiffs' policy limits for personal property contents is $245,700.00.

18. Therefore, assuming the contents are covered under the terms of the policy, Plaintiffs are insured for the full value of their contents loss.

19. On November 12, 2012, Plaintiffs demanded of Allstate to recover $155,172.11 for their contents loss.

20. To date, Allstate has not offered to pay any amount for Plaintiffs' contents claim.

21. Plaintiffs have provided proof to Allstate that they have sustained a dwelling loss of $332,085.44.

22. Plaintiffs' policy provides that Allstate will pay for dwelling and real property damage actual replacement cost with a policy limit of $351,000.00.

23. Therefore, assuming the damage to the dwelling is covered under the terms of the policy, Plaintiffs are insured for the full value of their dwelling loss.

24. On November 12, 2012, Plaintiffs made a demand upon Allstate to pay their claimed loss of $332,085.44 for dwelling and real property losses.

25. To date, Allstate has not offered to pay any amount to fix, repair or rebuild for Plaintiffs' dwelling and real property losses.

## **COUNT I - BREACH OF CONTRACT**

26. Plaintiffs re-allege and incorporate paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. By denying coverage for Plaintiffs' claims, Allstate has breached its insurance policy contract with Plaintiffs.  Plaintiffs therefore request that the

Court enter a Judgment against Defendant requiring that it cover and pay for all of Plaintiffs' losses and damages stemming from the claim.

## COUNT II – BAD FAITH DAMAGES UNDER O.C.G.A. §33-4-6

28. Plaintiffs re-allege and incorporate paragraphs 1 through 25 of this Complaint as if fully set forth herein.

29. On November 12, 2012, Plaintiffs sent Allstate a proper and timely demand to pay Plaintiffs' claims under O.C.G.A. §33-4-6 ("the demand").

30. More than 60 days has expired since the demand on Allstate to pay the claims.

31. Allstate has denied the claim and failed to make any payments to the Plaintiffs for their claims.

32. Allstate does not have a good faith basis for denying Plaintiffs' claims.

33. Allstate is therefore liable to Plaintiffs under O.C.G.A. §33-4-6 for an amount equivalent to 50% of the total loss amount suffered by Plaintiffs, plus all reasonable attorney's fees and costs of this action.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully pray for relief from this Court as follows:

(a) That Plaintiffs have a trial by jury on all issues;

(b) That this Court enter judgment in favor of Plaintiffs and against Defendant Allstate on Counts I and II of this Complaint and that Plaintiffs be awarded such losses as contemplated by these Counts and determined by a jury;

(c) That as provided by O.C.G.A. §33-4-6, Plaintiffs be awarded additional damages from Defendant Allstate, in an amount equal to 50% of Plaintiffs' total loss and damages, plus all of Plaintiffs' reasonable attorney's fees and costs, due to Defendant's failure to pay Plaintiffs' claims within 60 days after the claim was properly submitted and demand for payment was made by Plaintiffs;

(d) That this Court provide Plaintiffs with such other and further relief as it deems just, equitable and proper.

Respectfully submitted this 4th day of February, 2013.

/s/ Glenn Loewenthal
Glenn Loewenthal
Georgia Bar No. 455707
Attorney for Plaintiffs

Glenn Loewenthal, P.C.
Wildwood Center, Suite 205
2300 Windy Ridge Parkway

Atlanta, GA 30339
Ph.: (678) 990-4909
Fax.: (678) 669-2155
E-mail: glenn@glpc-law.com

/s/ Brad J. McFall
Brad J. McFall
Georgia Bar No. 491040
Attorney for Plaintiffs

Gammon, Anderson & McFall
P.O. Box 292
Cedartown, GA 30125
Phone (770) 748-2815